IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN J. LINDSEY, # 225425, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.  2:04cv302-WKW |
| ) | (WO) |
| DOCTOR COOLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the inmate plaintiff, Brian Jerome Lindsey ("Lindsey"), complains that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him adequate medical care for a head injury he suffered in 1992.[1]  Specifically, Lindsey alleges that although he complained to Cecelia Cooley[2] ("Cooley") of headaches and pain behind his eyes, neither Cooley nor Dr. Jean Darbouze ("Darbouze") would order a MRI or CT scan to determine whether he still had glass in his skull from the 1992 assault.  Lindsey also complains that he is charged three dollars ($3.00) each time he reports to sick call.  The plaintiff names as defendants only Cooley and Darbouze.  The plaintiff seeks injunctive relief in the form of an order requiring

---

[1] The evidence clearly establishes that the plaintiff was not incarcerated at the time he suffered this injury.  According to the plaintiff, he was struck in the head with a bottle during a robbery in 1992.  The plaintiff asserts that he was a victim of the robbery.

[2] The plaintiff names Doctor Cooley as a defendant. The evidence demonstrates that Cecelia Cooley is a nurse practitioner.  In addition, Ms. Cooley has married and now uses the name Cecelia Cooley Robinson.  For simplicity's sake, the court will refer to this defendant as Cecelia Cooley or Cooley.

the defendants to perform an MRI or CT scan on his head and monetary damages for his pain and suffering.

The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(c)(3). The defendants have filed special reports and evidentiary material pursuant to the orders of the court. The court has previously determined that the special reports should be treated as a motion for summary judgment. The plaintiff was provided an opportunity to respond to the motion and has done so. Upon consideration of the motion, pleadings, responses and evidentiary material filed in support of and in opposition to the motion, the court concludes that the motion for summary judgment is due to be granted.

## DISCUSSION

### A. Standard of Review

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence to support his constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in

favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that the plaintiff has failed to establish that there is any genuine issue as to a material fact in order to avert judgment in favor of the defendants.

### B. Deliberate Indifference to Medical Needs

The facts are relatively simple and undisputed. In 1992, Lindsey suffered blunt trauma to his head when he was hit with a bottle during the course of a robbery. According to Lindsey, at that time not all of the glass from the bottle was removed from his skull. He alleges that he has complained to Cooley and Darbouze of headaches and pain behind his eyes. Cooley and Darbouze have examined him and prescribed Tylenol and rest for his complaints. On April 27, 2004, an x-ray of his skull revealed "[n]o evidence of fracture, focal osseous lesion, or foreign body." Dr. William Abbott opined that the skull had a

"normal radiographic appearance . . . no evidence of radiopaque foreign body on exam."

The plaintiff complains that the defendants were deliberately indifferent to his serious medical needs by failing to properly treat his headaches and eye pain. According to Lindsey, he has only been treated with pain medication. Lindsey contends that Cooley and Darbouze have failed to utilize the most appropriate diagnostic tool of either a MRI or CT scan.

To prevail in a suit based on an Eighth Amendment claim concerning serious medical needs, a prisoner must show at a minimum that prison officials acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.  A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Thus, to survive summary judgment on this claim, the plaintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *See LaMarca v.*

*Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). Prison officials must have been deliberately indifferent to a known danger before the court can say that their failure to intervene offended "evolving standards of decency," thereby rising to the level of a constitutional violation. *Estelle*, 429 U.S. at 105-06. The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a prison official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985).

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment. . . . An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1189-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

The medical records filed in this case demonstrate without dispute that the plaintiff received medical care for his headaches and pain. Lindsey has been prescribed Tylenol and rest. He has also been referred to and examined by an optometrist. Although the plaintiff

5

argues that the defendants should have given him a MRI or CT scan to properly diagnose his condition, he presents no evidence that the failure to provide a MRI or CT scan created a substantial risk to his health. The plaintiff presents affidavits from his mother, Mattie Lindsey, a supervisory lab technician, and Ann William, a radiologist "especial", who both assert that a MRI or CT scan are more appropriate diagnostic tools than an x-ray to determine whether Lindsey has glass in his skull. It is undisputed that the plaintiff had an x-ray of his skull on April 27, 2004 that revealed no foreign bodies. It is also undisputed that Lindsey had an "unremarkable CT scan of his head" on July 17, 1996.[3]

In *Farmer*, the Court noted that "deliberate indifference l[ies] somewhere between the poles of negligence at one end and purpose or knowledge at the other . . ." *Id*. 511 U.S. at 836. A claim for inadequate medical care under the Eighth Amendment will not succeed unless the treatment rendered was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Id*. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837. Under this standard, a showing of negligence, neglect, or medical malpractice is insufficient to establish

---

[3] In fact, Lindsey provided the results of that CT scan attached to his pleading filed on September 28, 2004. (Doc. # 27).

a constitutional violation. *Rogers*, 792 F.2d at 1058; *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). Even if the court were to assume that these affidavits create a genuine issue of material fact about whether that the defendants were negligent or committed malpractice in the manner in which they handled Lindsey's complaints, i.e. by ordering an x-ray instead of a MRI or CT scan, neither negligence nor medical malpractice is sufficient to violate the Constitution. *Estelle, supra.* Consequently, the plaintiff's affidavits do not create a genuine issue of material fact about whether the defendants were deliberately indifferent to a known serious risk of injury.

Although the plaintiff maintains that he continues to endure pain, he has failed to present any medical evidence establishing that he suffered any detrimental effect as a result of the defendants' actions or that the defendants in any way disregarded a substantial risk to his health by failing to order either a MRI or CT scan. *See generally Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003). Lindsey relies on an August 30, 2004, letter from Dr. McCain and a July 18, 1996 medical report to support his contention that an MRI or CT scan should have been ordered. The plaintiff's reliance on these documents is misplaced. First, Dr. McCain's letter only requests that "further neurological testing including a repeat CT scan of the head or MRI" be considered. He does not opine that either are required. Dr. McCain's letter is not evidence that Lindsey's present medical treatment is causing any detrimental effect on Lindsey or that the defendants are disregarding a substantial risk of harm to Lindsey's health by failing to order a MRI or CT scan. The July 1996 medical report

indicates that Lindsey was diagnosed with left sided Bell's palsy[4] which is immaterial to Lindsey's present complaint. Consequently, neither Dr. McClain's letter nor the 1996 medical report contain any diagnosis that is relevant to the issues before the court.

At best, Lindsey offers his own opinions about his condition and the quality of the medical care which he received. Moreover, the other opinions he offers are insufficient to create a genuine issue, and his failure to support his claim with medical or scientific evidence is fatal to it. It is clear that the plaintiff's disagreement is with the efficacy of the tests ordered. His desire for different or additional tests does not establish a constitutional violation. *Hamm, supra.* The plaintiff has not shown by medical evidence consistent with FED. R. CIV. P. 56(e) that the treatment he received for headaches was so deficient as to amount to deliberate indifference in violation of the Eighth Amendment. *See Brown, supra*.

In the final analysis, the plaintiff has failed to come forward with any evidence that the defendants knew that he faced as a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra.* It is undisputed that the plaintiff received medical treatment for his complaints and that he was provided access to follow-up medical care. Lindsey has failed to establish a genuine issue about deliberate indifference on the part of the defendants. *Brown,* 906 F.2d at 670. Summary judgment is

---

[4] "Bells palsy is a condition that causes the facial muscles to weaken or become paralyzed. It's caused by trauma to the 7th cranial nerve, and is not permanent." http://www.bellspalsy.ws/ In addition, diabetics are four times more likely to develop Bell's palsy. *Id*. The plaintiff is diabetic but does not complain about the defendants' treatment of either his diabetes or Bell's palsy.

therefore due to be granted in their favor on this claim. *Celotex,* 477 U.S. at 322-23.

### C. Co-Pay Claim

In his complaint, Lindsey complains that he is required to pay a three dollar co-pay each time he reports to sick call. To prevail against a defendant, Lindsey must show that the defendants were involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 990 (11th Cir. 1995). The undisputed evidence demonstrates that neither Cooley nor Darbouze played any role in requiring Lindsey to pay the three dollar co-pay. More importantly, however, Lindsey has filed nothing in response to the defendants' motion for summary judgment on this issue, even after being given notice and ample opportunity to do so. Lindsey may not rest on the mere allegations of his complaint. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).[5] A party opposing a motion for summary judgment must submit affirmative evidence demonstrating a genuine issue of material fact on an essential element of his claim. *Id.,* at 322.

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of

---

[5] The plaintiff's sworn complaint is insufficient to defeat summary judgment because it is nothing more than the plaintiff's own conclusory allegations. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.; See also, Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1022 (11th Cir. 1988). Thus, the court concludes that Lindsey has failed to present any evidence that either of the defendants were connected to or involved with any alleged constitutional deprivation arising out of his co-pay claim.[6]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for summary judgment filed by the defendants be granted and that this case be dismissed with prejudice. It is further the recommendation of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 25, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

---

[6] Furthermore, the law is clear that requiring inmates with adequate resources to pay for a small portion of their medical care does not necessarily result in arbitrary or burdensome procedures which constitute a violation of the Eighth Amendment. *See Reynolds v. Wagner*, 936 F. Supp. 1216, 1224 (E.D. Pa. 1996). Lindsey does not allege that he was refused necessary medical treatment because he lacked sufficient funds, or that he has been or will be denied necessary medical treatment in the future, or that his health will be endangered by the imposition of a fee for proposed medical service. The allegation contained in Lindsey's complaint simply reflects his belief that he is entitled to the benefit of cost-free maintenance.

The law is equally clear that if an inmate is unable to pay for necessary medical care, he must be maintained at state expense. *Estelle v. Gamble*, 429 U.S. 97. Fee-for-medical and/or dental services programs are not a condition which requires inmates to bear unconstitutional conditions, but rather, forces them to make responsible resource allocation decisions. *See Martin v. DeBruyn*, 880 F.Supp. 610, 614 (N.D.Ind. 1995). Consequently, Lindsey is entitled to no relief on this claim.

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 12th day of May, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE